Jerry L. WILLIAMS, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART,* Commis-
sioner of Social Security, De-
fendant–Appellee.

No. 00–15695.

D.C. No. CV–99–03831–CRB.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.**

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM ***

Jerry L. Williams appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of his application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order upholding the Commissioner's denial of benefits, determining whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Osenbrock v. Apfel,* 240 F.3d 1157, 1162 (9th Cir.2001). We affirm.

Because the ALJ noted that the opinion of treating physician Dr. Anthony Boyce's was contradicted by clinical findings, the opinions of other examining physicians, and Williams' own testimony, the ALJ provided specific and legitimate reasons supported by substantial evidence for ascribing less weight to his opinion. *See Magallanes v. Bowen,* 881 F.2d 747, 751–52 (9th Cir.1989). Furthermore, because licensed social worker William Thompson ("Thompson") is not an accepted medical source, *see* 20 C.F.R. § 416.913(a), and because Thompson's opinion was based on claimant's subjective symptoms without supporting medical findings, substantial evidence supported the ALJ's decision to disregard his opinion. *See Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989) (disregarding a physicians opinion because it was premised on subjective complaints, which the ALJ properly discounted, constitutes specific, legitimate reason for rejecting the opinion of a treating physician).

Contrary to William's contention, the ALJ's hypothetical to the vocational expert was accurate, detailed, and supported by substantial evidence. *See Osenbrock,* 240 F.3d at 1165. In addition, the vocational expert testified that although Williams is incapable of performing his past relevant work, there are significant numbers of jobs in the national economy that Williams is capable of performing considering his vocational profile and residual functional capacity. Because substantial evidence supports the ALJ's finding that Williams is

---

* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

830

capable of performing jobs that exist in significant numbers in the national economy, *see Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1479–80 (9th Cir.1989), we affirm the district court's grant of summary judgment.

**AFFIRMED.**

---

\* Jo Anne B. Barnhart is substituted for Kenneth S. Apfel as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument and denies Laws' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.